IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Bobby Ray Gladden, #231803, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 4:15-cv-3063-PMD-TER |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| David Dunlap, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(C), the petition was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R & R"). This matter comes before the Court upon Petitioner's objections to United States Magistrate Judge Thomas E. Rogers, III's recommendation that the Court summarily dismiss the petition without prejudice. (ECF Nos. 9 & 11.) For the reasons provided below, the Court overrules Petitioner's objections, adopts Magistrate Judge Rogers' R & R, and dismisses the petition without prejudice.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in

part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **ANALYSIS**

The petition under review is Petitioner's second § 2254 challenge to his 1996 murder conviction. This Court denied that previous petition on its merits. Magistrate Judge Rogers recommends dismissing the current petition without prejudice because it is successive and the Fourth Circuit has not issued an order authorizing this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner makes no objection to that conclusion or to any of the findings on which it is based. Instead, Petitioner's "objections" consist of claiming his trial counsel was ineffective, asking this Court to appoint counsel for his petition, and seeking an extension of time

to seek a preauthorization order from the Fourth Circuit. As these are not true objections to the R & R, the Court overrules them.[1]

After reviewing the record, the Court concludes that Magistrate Judge Rogers' R & R accurately summarizes this case and the applicable law. Finding no error in the R & R, the Court adopts it and incorporates it by reference into this order.

## CONCLUSION

Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that the petition is dismissed without prejudice.

It is further **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**September 30, 2015**
**Charleston, South Carolina**

---

1. On the same day that Magistrate Judge Rogers issued his R & R, he also issued a separate order denying a prior motion by Petitioner for appointment of counsel. (ECF Nos. 3, 7, & 8.) In addition to considering Petitioner's current request for counsel as an objection to the R & R, the Court construes the request as an objection to the order denying Petitioner's motion. *See* Fed. R. Civ. P. 72(a). Having carefully reviewed Petitioner's motion and Magistrate Judge Rogers' order, the Court finds no error and affirms for the reasons stated by Magistrate Judge Rogers.

2. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Petitioner has not satisfied that standard.

3